Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| RUBÉN VALDÉS NAVARRO<br><br>Parte Recurrida<br><br>v.<br><br>ROCA LAVA, LLC; JAVAD ABBASI; KRISTAL GRUEVSKI Y OTROS<br><br>Parte Peticionaria | TA2026CE00165 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil núm. DO2025CV00258<br><br>Sobre: Embargo Ilegal |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 20 de abril de 2026.

Comparece la parte peticionaria, Roca Lava, LLC, Javad I. Abbasi y Kristal Gruevski (en conjunto Roca Lava o peticionaria), y solicita que revoquemos la *Resolución interlocutoria*[1] emitida y notificada el 27 de enero de 2026, por el Tribunal de Primera Instancia, Sala de Bayamón (TPI). Mediante el referido dictamen, el TPI declaró No Ha Lugar la solicitud de desestimación presentada por la parte peticionaria y le ordenó presentar su alegación responsiva.

El 23 de febrero de 2026, la parte recurrida, Rubén Valdés Navarro (Valdés Navarro o recurrido), presentó *Oposición a Expedición de Auto y Alegato en Oposición al Certiorari*.

Luego de analizar los escritos de ambas partes y sus anejos, así como la normativa aplicable, denegamos la expedición del auto solicitado.

I.      **Trasfondo fáctico y procesal**

---

[1] Entrada 63 SUMAC TPI.

El 10 de octubre de 2025, el recurrido Rubén Valdés Navarro presentó una demanda[2] sobre daños y perjuicios en contra de Roca Lava[3]. En síntesis, alegó que el 17 de diciembre de 2024, Roca Lava instó una demanda[4] en su contra sobre incumplimiento contractual respecto a la compraventa de una propiedad residencial ubicada en la Urbanización Dorado Beach East, 438 Dorado Beach East, Dorado PR 00646. Valdés Navarro adujo que nunca existió un contrato perfeccionado con Roca Lava. Añadió que, en el referido caso, el TPI reconoció que solo se dieron intercambios de oferta y contraofertas que no fueron aceptadas, por lo que no hubo consentimiento, ni pago, ni acuerdo sobre los elementos esenciales de la compraventa. El recurrido planteó que, a pesar de lo anterior, a solicitud de Roca Lava, el TPI emitió una orden *ex parte* de anotación preventiva de prohibición de enajenar sobre la propiedad. Dicha orden fue notificada el 31 de marzo de 2025.

Valdés Navarro sostuvo que la orden de anotación preventiva le limitó de forma absoluta la posibilidad de hacer actos de enajenación, tales como compraventa, donación o hipoteca. En vista de que la anotación preventiva estuvo en vigor alrededor de seis (6) meses, ello afectó severamente el uso, goce, disfrute y disposición plena del inmueble, lo que le causó pérdidas económicas significativas y perjuicios.

En ese sentido, el recurrido añadió que, luego de celebrada la vista de remedios en aseguramiento de sentencia, el TPI determinó que Roca Lava no logró demostrar la existencia de un contrato perfeccionado, que los documentos carecían de autenticación y que no procedía mantener la anotación preventiva en el Registro de la Propiedad, pues esta exponía a Valdés Navarro a daños y

---

[2] La demanda se enmendó el 20 de octubre de 2026 a los únicos fines de incluir la dirección postal del demandante.
[3] DO2025CV00258.
[4] DO2024CV00290.

restricciones a sus derechos propietarios. A tales fines, el TPI notificó una *Resolución*[5] el 14 de agosto de 2025 en la que ordenó la cancelación de anotación preventiva sobre el inmueble. Valdés Navarro informó que el mismo día en que se notificó la resolución, Roca Lava presentó una *Moción de Desistimiento con perjuicio.* El 18 de agosto de 2025, el TPI dictó Sentencia por desistimiento, con perjuicio[6]. La referida sentencia advino final y firme desde su notificación y sin especial imposición de costas y gastos de honorarios.

Así, Valdés Navarro reclamó que, como consecuencia de la presentación de la demanda frívola y temeraria por parte de Roca Lava, sufrió daños morales, pues se vio obligado a incurrir en gastos de defensa legal, y perdió la posibilidad de arrendar su propiedad durante el periodo de seis (6) meses que estuvo vigente la anotación preventiva de prohibición de enajenar. A tenor reclamó varias cuantías[7].

Luego de varios trámites procesales, el 16 de diciembre de 2025, Roca Lava presentó *Moción de Desestimación*[8]. En resumen, solicitó que se desestimara la demanda por los argumentos que resumimos a continuación, a saber: que Valdés Navarro no tenía derecho a reclamar pago de honorarios porque no los reclamó en el caso DO2024CV00290 y que estaba impedido de reclamarlos porque aplicaba la doctrina de cosa juzgada e impedimento colateral por sentencia. También argumentaron que el recurrido no tenía derecho a reclamar el pago de rentas dejadas de devengar, ya que la anotación preventiva nunca se presentó ante el Registro de la

---

[5] Entrada 26 del caso DO2024CV00290.

[6] El TPI dictó la sentencia al amparo de la Regla 39.1(b) de Procedimiento Civil. 32 LPRA Ap. V, R. 39.1(b).

[7] A saber, $9,479.50 gastos de defensa legal, ingresos dejados de percibir por la renta de la propiedad debido a la anotación preventiva por seis (6) meses, a razón de $20,000 mensuales, para un total de $120,000 y $200,000 por angustias mentales, ansiedad y afectación emocional sufrida, más las costas, gastos y honorarios de abogado.

[8] Entrada 16.

Propiedad, por lo que no surtió efecto jurídico alguno sobre el uso y disfrute de la propiedad. En cuanto al pago de daños morales, alegaron que no procedían porque Valdés Navarro no alegó persecución maliciosa y que las causas de acción del caso DO2024CV00290 eran meritorias. Añadieron que la doctrina de cosa juzgada e impedimento colateral por sentencia lo impedían. Por lo anterior, Roca Lava le solicitó al TPI que le impusiera honorarios de abogado al recurrido.

El 22 de enero de 2026, Valdés Navarro se opuso a la desestimación.[9] En resumen, refutó cada uno de los argumentos planteados por Roca Lava y destacó que, con el presente caso no pretendía relitigar las cuestiones planteadas y adjudicadas en el caso DO2024CV00290. En ese sentido enfatizó que lo que reclamaba era la reparación de daños autónomos, posteriores e independientes sufridos como consecuencia de la presentación temeraria de dicho litigio, así como por el uso de remedios provisionales que afectaron sus derechos reales, económicos y personales.

Así las cosas, el 27 de enero de 2026, el TPI emitió y notificó la *Resolución Interlocutoria* recurrida mediante la cual declaró No Ha Lugar la solicitud de desestimación de Roca Lava.

Inconforme con dicha determinación, Roca Lava acude directamente[10] ante nos, mediante recurso de *certiorari* y le imputa al TPI la comisión de los siguientes señalamientos de error:

**PRIMER ERROR:** Erró el Tribunal de Instancia en no otorgar la desestimación al amparo de la Regla 10.2(5).

**SEGUNDO ERROR:** Erró el Tribunal en no aplicar la doctrina de cosa juzgada e impedimento colateral por sentencia.

**TERCER ERROR:** Erró el Tribunal en no entender que existe un desistimiento consentido.

---

[9] Entrada 21.
[10] Roca Lava no solicitó reconsideración en el TPI.

**CUARTO ERROR:** El Tribunal de Instancia actúa sin jurisdicción al entretener la petición de honorarios de abogado y temeridad.

**QUINTO ERROR:** Erró el Tribunal en entretener una petición de anotación de demanda como embargo ilegal.

**SEXTO ERROR:** Erró el Tribunal en no desestimar la acción debido a que no existe causa de acción por ser parte en un pleito civil.

Así las cosas, el 17 de febrero de 2026, Roca Lava presentó ante nos *Solicitud para que se Paralicen los Procedimientos ante el Tribunal de Primera Instancia bajo la Regla 53.2(b) de las de Procedimiento Civil*[11]. Ese mismo día, denegamos la solicitud de paralización de los procedimientos[12].

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

## II.    Exposición del Derecho

### A. El *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior[13].

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V[14]. Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

---

[11] Entrada 3 SUMAC-TA.

[12] Entrada 4 SUMAC-TA. El 18 de febrero de 2026, Roca Lava solicitó reconsideración a nuestra denegatoria (Entrada 6). El 19 de febrero de 2026, denegamos su solicitud (Entrada 7 SUMAC-TA).

[13] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[14] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra,* para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[15], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[15] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025).

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción[16].

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro[17]. Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

### III.    Aplicación del Derecho a los Hechos

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, nos faculta a revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurre de la denegatoria de una moción de carácter dispositivo, como lo es la denegatoria de una moción de desestimación. Sin embargo, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional.

Así, luego de examinar detenidamente el expediente ante nuestra consideración y la *Resolución* recurrida, no nos parece que el foro primario haya actuado de forma arbitraria, ni irrazonable a la luz de los hechos del caso y la etapa de los procedimientos. La apreciación y determinación del TPI, en forma alguna denota una

---

[16] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[17] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

actuación arbitraria, caprichosa o errónea de parte de dicho foro. Ante dicho escenario, nos abstenemos de intervenir con el dictamen recurrido y, en vista de ello, denegamos la expedición del auto solicitado.

**IV. Parte Dispositiva**

Por lo antes expresado, se deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones